UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **QIANCHENG ZHAO,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **WARDEN OF THE EL PASO PROCESSING CENTER**; **TODD LYONS**, Acting Director of Immigration and Customs Enforcement; **KRISTI NOEM**, Secretary of the U.S. Department of Homeland Security; *and* **PAMELA BONDI**, Attorney General of the United States, | § § § § § § § § § § § | EP-25-CV-00635-DCG |
| *Respondents*. | § | |

## ORDER TO SHOW CAUSE

Petitioner Qiancheng Zhao ("Zhao" or "Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[1] The issues raised in his Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus.

**I.    Background**

For the purposes of this Order only, the Court presumes the following facts are true. Zhao was born in China and entered the United States on October 8, 2023.[2] Shortly thereafter, the Department of Homeland Security ("DHS") detained Zhao, placed Zhao into removal

---

[1] *See generally* Pet., ECF No. 1.

[2] *Id.* at 2, 4.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

proceedings by issuing a Notice to Appear ("NTA"), and released him on his own recognizance.[3] On release, Zhao filed an application for asylum.[4] As a condition of release, Zhao attended regular check-in appointments with United States Immigration and Customs Enforcement ("ICE").[5] ICE agents arrested and detained him at a routine check-in on November 19, 2025.[6] Zhao was transferred first to Delaney Hall in New Jersey, then to the El Paso Processing Center.[7] As far as the Court is aware, Zhao is now detained at the ERO El Paso East Montana detention facility.[8]

On December 9, 2025, Zhao filed the instant petition for writ of habeas corpus.[9] He asks that the Court order his immediate release *or* "alternatively direct that an IJ hold a constitutionally adequate bond hearing."[10] Zhao filed a concurrent "Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 3) requesting the same relief.[11]

---

[3] *Id.* at 5.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 2.

[9] *Id.* (stating that the petition was filed while "detained at the ERO El Paso East Montana detention facility").

[10] *Id.* at 9.

[11] *See* Brief Supp. Mot. TRO, ECF No. 3-1, at 11 ("[I]f the Court is not inclined to order release, the Court should direct DHS to provide Petitioner with a bond hearing before an IJ, at which DHS shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk.").

In the same Motion, Zhao adds that "the Court should also enjoin Respondents from transferring Petitioner out of the district." *Id.* at 12.

**II.      Discussion**

    **A.      Motion for Preliminary Injunctive Relief**

The purpose of a temporary restraining order ("TRO") or preliminary injunction ("PI") "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[12] Therefore, the movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest."[13] When the Government is the opposing party, the third and fourth factors will merge.[14]

At present, the status quo is that Zhao is detained at the East Montana detention facility in El Paso, Texas.[15] Pending a decision on the merits, the Court can do no more than preserve that status quo. Because Zhao requests a TRO and PI ordering either (1) his immediate release or (2) a bond hearing, the Court denies the Motion without prejudice to the ultimate relief requested.

The Court *can* prevent Respondents from transferring Zhao in the interest of preserving the Court's ability to fully assess this case on the merits[16] and finds it necessary to do so here.

---

[12] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

[13] *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)).

[14] *Nat. Ass'n for Gun Rights, Inc. v. Garland*, 697 F. Supp. 3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

[15] Pet., at 2.

[16] *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218–19 (2021) ( "[A] federal court always has jurisdiction to determine its own jurisdiction" (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002))).

Accordingly, Respondents may not transfer Zhao out of the El Paso Division of the Western District of Texas *or* remove him from the country during the pendency of this case or until the Court orders otherwise.[17]

**B.     Show Cause**

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[18] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") dictate the obligations of the Court upon receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they apply also to petitions filed pursuant to § 2241.[19]

Habeas Rule 4 directs that the Court "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any

---

[17] This Order is issued not as a TRO but rather under the Court's inherent power to preserve its ability to hear the case. *See, e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631 (D. Mass. June 5, 2025), ECF No. 5; *see also Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

*See also* 28 U.S.C. § 1651 [hereinafter "All Writs Act"]; *IIT Cmty. Dev. Corp.*, 569 F.2d at 1359 ("The All Writs Act may be said to provide a federal court with those writs necessary to the preservation or exercise of its subject matter jurisdiction. The Act is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants.").

[18] 28 U.S.C. § 2241(c) (requiring petitioner to show that he is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[19] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

relief."[20] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[21]

Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[22] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[23] However, this Court and others have held that the "strict time limits prescribed by § 2243" can be expanded by "the district court's discretionary authority to set deadlines under Rule 4."[24]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted.

### III.   CONCLUSION

Accordingly, the Court **ORDERS** Respondents to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **December 17, 2025**. This response must

---

[20] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[21] 28 U.S.C. § 2243.

[22] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring that the district court issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court complied with the "forthwith" requirement by issuing a show cause order "just twenty-one days after [the] petition was filed").

[23] 28 U.S.C. § 2243.

[24] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

identify each factual allegation contained in the Petition that Respondents dispute. Zhao may file a reply within **three days** of service of the response.[25] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

**IT IS FURTHER ORDERED** that Respondents **SHALL NOT** (1) remove or deport Zhao from the United States, or (2) transfer Zhao to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.[26]

**IT IS FURTHER ORDERED** that the "Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 3) is **DENIED** without prejudice to the ultimate relief requested.

**IT IS FINALLY ORDERED** that the District Clerk shall **SERVE** copies of the Petition (ECF No. 1), the Motion (ECF No. 3), and this Order upon Respondents and the United States Attorney in El Paso, Texas.[27]

---

[25] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[26] *See Santiago v. Noem*, No. 3-25-cv-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (recognizing courts' authority to enjoin respondents from removing or transferring petitioners until petitions can be fully considered) (collecting cases). *See also IIT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) ("The All Writs Act [28 U.S.C. § 1651] may be said to provide a federal court with those writs necessary to the preservation or exercise of its subject matter jurisdiction. The Act is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants.").

[27] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").

**So ORDERED and SIGNED this 12th day of December 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**