**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **QIANCHENG ZHAO,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WARDEN OF THE EL PASO** | § | |
| **PROCESSING CENTER**; | § | **EP-25-CV-00635-DCG** |
| **TODD LYONS**, Acting Director of | § | |
| Immigration and Customs Enforcement; | § | |
| **MARKWAYNE MULLIN**, Secretary of the | § | |
| U.S. Department of Homeland Security; *and* | § | |
| **TODD BLANCHE**, Attorney General of the | § | |
| United States, | § | |
| | § | |
| *Respondents*. | § | |

## FINAL JUDGMENT

On May 4, 2026, the Court granted Petitioner Qiancheng Zhao's Petition for Writ of

Habeas Corpus (ECF No. 1) and ordered Respondents to take the following actions:

(1)   by May 11, 2026, provide Petitioner with a bond hearing or release Petitioner from custody under reasonable conditions of supervision; *and*

(2)   by May 14, 2026, notify the Court that the bond hearing had occurred or that Petitioner was released from custody.[1]

Respondents timely confirmed that Petitioner received a bond hearing by the applicable

deadline, posted a $1,500 bond, and was released from custody.[2]

---

[1] *See* Order Granting Pet., ECF No. 13, at 14.

[2] *See* Resp'ts' Advisory, ECF No. 14, at 1.

Petitioner has obtained the habeas relief to which he is entitled, so there appears to be nothing further for the Court to do in this case. The Court now enters its Final Judgment under Federal Rule of Civil Procedure 58.[3]

There being no just cause for delay, this is a **FINAL** and **APPEALABLE** judgment.

The Court **CLOSES** the above-captioned case.

**So ORDERED and SIGNED this 15th day of May 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] FED. R. CIV. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .").

See RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254").

See also Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").